GRAiiam, Judge,
delivered the opinion of the court:
Plaintiff’s return of her income for the year 1919 showed a net income of $15,646.39, and a tax was paid on the basis of this return amounting to $641.47.
On and prior to February 21, 1919, the plaintiff was a holder of stock in the Nolde & Horst Company. On that date the board of directors of said company declared a stock dividend of 900% to be distributed pro rata among the "stockholders, the total value of the shares so distributed being $2,250,000. The plaintiff received 4,950 shares, of the par value of $100 each, as her pro rata share of this distribution.
On February 28, 1919, seven days after the declaration of the stock dividend, the board of directors of said company declared a dividend of 20% on the outstanding capital stock as increased, amounting to $500,000, payable in cash on March 6, 1919, to the stockholders of record on that date. This cash dividend was- paid on March 6, 1919, and the plaintiff received as a dividend upon her holdings of stock of said corporation the sum of $110,000. The resolution of the board declaring this dividend stated that it was payable out of the surplus representing undistributed profits of the years prior to March 1, 1913.
On March 1, 1913, said company had on hand undistributed earnings or profits amounting to $1,100,000. Its earnings for the years 1913, 1914, and 1915 were currently distributed. For the subslequent years the undistributed earnings were as follows:
Undistributed earnings or profits of 1916_ $100,000.00
Undistributed earnings or profits of 1917- 648,489.97
Undistributed earnings or profits of 1918- 659, 355. 30
Undistributed earnings or profits of January and February, 1919_ 250,000.00
Accumulated undistributed earnings or profits on March 3, 1919, earned after March 1, 1913_ 1, 652, 845.27
*208 The Commissioner of Internal Revenue on January 22, 1923, notified the plaintiff of an additional assessment of income tax for 1919, amounting to $31,339.53, based upon the receipt by plaintiff of the cash dividend declared and paid by the Nolde & Horst Company on March 6, 1919. The plaintiff appealed to the Comm,ittee on Appeals and Review, which sustained the action of the commissioner, and thereupon plaintiff filed a claim for refund, and this being denied suit was brought in this court March 2, 1926.
I In making the additional assessment the commisS|ioner held that the 900% stock dividend was not a distribution of undivided earnings or profits and that there remained undis¡'tributed a sufficient amount of earnings or profits accumulated subsequent to February 28,- 1913, to pay in full the cash dividend distributed March 6, 1919.
The sole question presented, therefore, is whether the commissioner, under the facts of this case, acted legally in assessing a tax upon the basis of the cash dividend received. The applicable statutes are sec. 31,[1] (a) and (b) of the revenue act of 1917, 40 Stat. 300, 338, and sec. 201,[2] (a) to (e), inc., of the revenue act of 1918, 40 Stat. 1057, 1059.
*209 Prior to the decision on March 8, 1920, in the case of Eisner v. Macomber, 252 U. S. 189, the commissioner had held that stock dividends were taxable as income.
As stated, the company had on hand on March 1, 1913, earnings or profits accumulated prior to February 28, 1913, amounting to $1,100,000, and earnings or profits on hand March 3, 1919, accumulated after March 1, 1913, amounted to $1,652,845.27, making a total of $2,752,845.27 of accumulated and undistributed earnings or profits prior to the declaration of the dividends. As the dividends taken together amounted to $2,750,000, it will be seen that there were enough earnings and profits in the treasury of the company to cover both dividends.
*210 The court in the Eisner case held that a stock dividend is not income; that a stock dividend is merely a change in the form of the holding of the stockholder, evidenced by certain certificates, due to the action of the corporation in taking a portion of its earnings and profits, in which the stockholder, of course, had an interest, and converting it into capital, and that it was not such a distribution of profits within the meaning of the statute as to constitute it taxable income. The case also distinguished between the corporation as a separate entity and the stockholder, and held that the stockholder in receiving the stock dividend took nothing out of the company’s assets for his own-use and benefit, while his investment with any additions remained the property of the corporation subject to business risks, the payment of its debts, etc. It made no change in the ownership of the assets of the corporation. The declaration of the cash dividend segregated certain of the company’s profits as property of the stockholder. It was paid to the stockholder and was therefore income to him, and under the act of 1918 cash dividends from profits accumulated after February 28, 1918, were taxable as income.
As recited above, the directors first declared the stock dividend to be paid out of the earnings and profits accumulated since February 28, 1913, and a week later declared the cash dividend payable out of earnings and profits accumulated prior to February 28, 1913. It was decided in the case of Edwards v. Douglas, 269 U. S. 204, that the directors could not control by their action what year’s earnings the dividends were to be paid from; that the statute regulated this, and provided that the tax should be paid from the “ available profits or earnings of the most recent year or years,” and that this intention was to be gathered from the phrase “ most recently accumulated ” in connection with the words “ undivided profits or surplus.”
It will be seen from the facts stated that there were ample undistributed earnings and profits at the time the cash dividend was declared, from the years following February 28, 1913, out of which the cash dividend could have been paid. The dividend amounted to $500,000, and the earnings and profits accumulated from the date mentioned *211 to the time of the declaration of the dividend amounted to $1,652,845.27.
The petition should be dismissed and it is so ordered.
Moss, Judge; Booth, Judge; and Campbell, Ghief Justice, concur.
Hat, Judge, absent.

 Sec. 31. (a) That the term “ dividends ” as used in this title shall be held to mean any distribution made or ordered to be made by a corporation, joint-stock company, association, or insurance company out of its earnings or profits accrued since March first, nineteen hundred and thirteen, and payable to its shareholders, whether in cash or in stock of the corporation, joint-stock company, association, or insurance company, which stock dividend shall he considered income, to the amount of the earnings or profits so distributed.
(b) Any distribution made to the shareholders or members of a corporation, joint-stock company, or association, or insurance company in the year nineteen hundred and seventeen, or subsequent tax years, shall be deemed to have been made from the most recently accumulated undivided profits or surplus, and shall constitute a part of the annual income of the distributee for the year in which received, and shall be taxed to the distributee at the rates prescribed by law for the years in which such profits or surplus were accumulated by the corporation, joint-stock company, association, or insurance company, but nothing' herein shall be construed as taxing any earnings or profits accrued prior to March first, nineteen hundred and thirteen, but such earnings or profits may he distributed in stock dividends or otherwise, exempt from the tax, after the distribution of earnings and profits accrued since March first, nineteen hundred and thirteen, has been made. This subdivision shall not apply to any distribution made prior to August sixth, nineteen hundred and seventeen, out of earnings or profits accrued prior to March first, nineteen hundred and thirteen.
* *it * * *

 Sec. 201. (a) That the term “ dividend ” when used in this title (except in paragraph (10) of subdivision (a) of section 234) means (1) any distribution made by a corporation, other than a personal-service corporation, to its *209 shareholders or members, whether in cash or in other property or in stock of the corporation, out of its earnings or profits accumulated since February 28, 1913, or (2) any such distribution made by a personal-service corporation out of its earnings or profits accumulated since February 28, 1913, and prior to January 1, 1918.
(b) Any distribution shall be deemed to have been made from earnings or profits unless all earnings and profits have first been distributed. Any distribution made in the year 1918 or any year thereafter shall be deemed to have been made from earnings or profits accumulated since February 28, 1913, or in the case of a personal-service corporation, from the most recently accumulated earnings or profits ; but any earnings or profits accumulated prior to March 1, 1913, may be distributed in stock dividends or otherwise, exempt from the tax, after the earnings and profits accumulated since February 28, 1913, have been distributed.
(c) A dividend paid in stock of the corporation shall be considered income to the amount of the earnings or profits distributed. Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profits realized thereby shall be taxed to the distributee as other gains or profits.
(d) If any stock dividend (1) is received by a taxpayer between January 1 and November 1, 1918, both dates inclusive, or (2) is during such period bona fide authorized or declared, and entered on the hooks of the corporation, and is received by a taxpayer after November 1, 1918, and before the expiration of thirty days after the passage of this act, then such dividend shall, in the manner provided in section 206, be taxed to the recipient at the rates prescribed by law for the years in which the corporation accumulated the earnings or profits from which such dividend was paid, but the dividend shall be deemed to have been paid from the most recently accumulated earnings or profits.
(e) Any distribution made during the first sixty days of any taxable year shall be deemed to have been made from earnings or profits accumulated during preceding taxable years; but any distribution made during the remainder of the taxable year shall be deemed to have been made from earnings and profits accumulated between the close of the preceding taxable year and the date of distribution to the extent of such earnings or profits; and if the books of the corporation do not show the amount of such earnings or profits, the earnings or profits for the accounting period within which the distribution was made shall be deemed to have been accumulated ratably during such period.